UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | CR 23-40024-4 | |
| Plaintiff, | PLEA AGREEMENT | |
| vs. | | |
| AMBER LOUISE JUSTUS, | | |
| Defendant. | | |

The Defendant, the Defendant's attorney, and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendant's attorney with the Defendant's knowledge and consent. The Agreement is as follows:

A. **ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDERSTANDING OF MAXIMUM PENALTIES:** The Defendant has been fully advised of the applicable statutory and constitutional rights, the charges and allegations, and the potential penalties in this matter. The Defendant understands that information and further understands that signing this Plea Agreement waives certain statutory and constitutional rights which would otherwise apply, including the rights contained in Rule 410 of the Federal Rules of Evidence. The Defendant understands and agrees that this Plea Agreement, including the written Factual Basis Statement; any statements made by the Defendant during plea discussions; any guilty plea entered pursuant to this Plea

Agreement; and any statements made by the Defendant in a proceeding related to this Plea Agreement are admissible against the Defendant even if those plea discussions did not result in a guilty plea, or the Defendant later fails or refuses to enter a guilty plea, or the Court does not accept this Plea Agreement. The Defendant understands and agrees that the Defendant's waiver of Rule 410 rights does not end, even if this Plea Agreement is voided by the United States or any court.

**B.    PLEA AGREEMENT PROCEDURE – NO RIGHT TO WITHDRAW PLEA IF COURT REJECTS RECOMMENDATIONS:** The United States and the Defendant agree that this Plea Agreement is presented to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure which authorizes the United States to agree that it will recommend, or agree not to oppose the Defendant's request that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply. Such agreements and recommendations are not binding on the Court, and the Defendant may not withdraw this plea of guilty if the Court rejects the agreements or recommendations.

**C.    PLEA OF GUILTY TO INDICTMENT:** The Defendant will plead guilty to the Indictment filed in this case, which charges a violation of 21 U.S.C. §§ 841(a)(1) and 846. The charge carries a mandatory minimum sentence of ten years and a maximum sentence of up to life in prison, a $10 million fine, or both,

2

and a period of supervised release. Supervised release will be at least five years and up to life. If the Defendant is found by a preponderance of the evidence to have violated any condition of supervised release, the Court may revoke the supervised release and may impose an additional prison sentence upon the Defendant of up to 5 years or impose a period of supervised release of up to life, or some combination of the two. There is also a $100 assessment to the Federal Crime Victims' Fund. Restitution may also be ordered.

**D.     VIOLATION OF TERMS AND CONDITIONS:** The Defendant acknowledges and understands that this Plea Agreement shall become voidable at the discretion of the United States if the Defendant violates the terms of this Plea Agreement, engages in any further criminal activity or fails to appear for sentencing. If so, the Defendant will face the following consequences:

(1)     All testimony and other information the Defendant has provided at any time to attorneys or employees of the United States, law enforcement officers, the Court, or a grand jury, may and will be used against the Defendant in any prosecution or proceeding.

(2)     The United States will be entitled to reinstate previously dismissed charges, to pursue additional charges against the Defendant, and to use any information obtained directly or indirectly from the Defendant in those additional prosecutions.

(3)     The United States will be released from any obligations, agreements, or restrictions imposed upon it under this Plea Agreement.

**E.    ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that based upon the information known to it at this time, the Defendant is entitled to a two-level decrease in the offense level pursuant to U.S.S.G. § 3E1.1(a) as long as:

A. No evidence is disclosed in the presentence report which indicates the Defendant has failed to demonstrate a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct, and

B. The Defendant (1) complies with the terms of this Plea Agreement; (2) testifies truthfully during the change of plea hearing; (3) participates truthfully with the Probation Office in the presentence investigation; (4) does not violate any conditions of pretrial detention or release after signing this Agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility. Both the United States and the Defendant otherwise reserve the right to present evidence and make argument regarding sentencing.

**F.    TIMELY ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that the Defendant has timely notified authorities of this plea thereby permitting the United States and the Court to allocate their resources efficiently. Therefore, if the offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is 16 or greater and the Defendant also qualifies for a two-level decrease under U.S.S.G. § 3E1.1(a), this provision shall be treated at the sentencing hearing as a motion pursuant to U.S.S.G. § 3E1.1(b) to decrease the offense level by one additional level.

**G.** **SENTENCE RECOMMENDATIONS — BOTH PARTIES - WITHIN STATUTORY LIMITS – NO RIGHT TO WITHDRAW PLEA IF COURT REJECTS RECOMMENDATION:** At the sentencing hearing, both the United States and the Defendant are free to recommend whatever sentence each determines is appropriate within statutory limits, to present evidence, and to make arguments in support thereof. The Defendant understands that any recommendation made by the Defendant or the United States is not binding on the Court. The Defendant further understands that this plea of guilty may not be withdrawn if the Court rejects any recommendation.

**H.** **FEDERAL CRIME VICTIMS' FUND ASSESSMENT:** The Defendant agrees to remit to the U.S. Clerk of Court payment of the Federal Crime Victims' Fund assessment in the amount of $100, pursuant to 18 U.S.C. § 3013. The payment is due at the time of sentencing or will otherwise be part of the judgment.

**I.** **MONETARY OBLIGATIONS - DEFENDANT'S ONGOING DUTY:** The Defendant agrees, if requested by the United States, to promptly return an executed Authorization to Release Financial Records and Documents, current earnings statements, copies of W-2s and an executed Financial Disclosure Statement. The Defendant understands that this is an ongoing duty which begins upon execution of this Plea Agreement and continues until such time as payment of any financial obligation is remitted in full.

The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of any financial obligations imposed as part of the sentence in this case. The Defendant expressly authorizes the United States Attorney's Office to obtain credit reports on the Defendant prior to judgment.

The Defendant also agrees that if incarcerated, the Defendant will participate in the Bureau of Prisons' Inmate Financial Responsibility Program during any period of incarceration in order to pay any financial obligations ordered by the Court. The Defendant's agreement to participate in the Inmate Financial Responsibility Program does not limit the United States' right to pursue collection from other available sources. The Defendant understands and agrees that financial obligations as ordered by the Court apply while serving at a Residential Reentry Center or while serving custody on home confinement. If there is no period of incarceration ordered, the Defendant agrees that payment of any financial obligations ordered by the Court shall be a condition of probation.

**J. RESERVING THE RIGHT TO PRESENT EVIDENCE AND ARGUMENT:** The United States reserves the right to present evidence and argument and to rebut or clarify any sentencing issue with evidence and argument, including matters set forth in the presentence investigation report, matters raised by the Defendant in mitigation of the sentence, or matters raised by the Court.

**K. UNDERSTANDING REGARDING FIREARMS:** The Defendant understands that upon the Court's acceptance of the plea, the Defendant stands convicted of a felony and thus, it is illegal for the Defendant to possess any firearms or ammunition for firearms.

**L. BASIS FOR PLEA OF GUILTY:** The Defendant agrees that the Factual Basis Statement, signed by the parties and incorporated herein by this reference, provides the basis for the guilty plea in this case, and is a true and accurate statement of the Defendant's actions or omissions and that the Court may rely thereon in determining the basis for the plea of guilty as provided for in this Plea Agreement.

**M. WAIVER OF SPEEDY TRIAL:** The Defendant agrees to waive any rights to a speedy trial under either the United States Constitution or the Speedy Trial Act. This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing. The Defendant understands and agrees that this waiver remains in effect even if the plea is later withdrawn or the United States voids this Agreement based on the Defendant's violation of its terms.

**N. PARTIES BOUND:** It is further understood and agreed that this Agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this Agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**O. SCOPE OF AGREEMENT:** This Agreement shall include any attachments, exhibits, or supplements designated by the parties. It is further

understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this Agreement, and this Agreement supersedes any earlier or other understanding or Agreement.

**P.     WAIVER OF DEFENSES AND APPEAL RIGHTS:** The Defendant hereby waives all defenses and rights to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the United States Sentencing Guidelines as well as the length of sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a). Claims that the Defendant's counsel rendered constitutionally ineffective assistance are also excluded from this waiver.

**Q.     SUPPLEMENT TO PLEA AGREEMENT:** The United States will file a Supplement to Plea Agreement which is required to be filed in every case in compliance with the Court's Local Rules.

ALISON J. RAMSDELL
United States Attorney

05/15/2024

Date

Mark Hodges
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone: (605)357-2346
Facsimile: (605)330-4410
E-Mail: mark.hodges@usdoj.gov

APPROVED:
ALISON J. RAMSDELL
United States Attorney
By:

_____
CONNIE LARSON
Supervisory Assistant U.S. Attorney


5-15-2024
Date

_____
Amber Louise Justus
Defendant


5-15-24
Date

_____
Tierney Scoblic
Attorney for Defendant


9