UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                        *
UNITED STATES OF AMERICA,               *    4:23-CR-40024(04)-KES
                                        *
        Plaintiff,                      *
                                        *   Sioux Falls, South Dakota
-vs-                                    *
                                        *       May 21, 2024
AMBER LOUISE JUSTUS,                    *
                                        *
        Defendant.                      *
                                        *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PUBLIC TRANSCRIPT OF
CHANGE OF PLEA HEARING
(**PURSUANT TO CRIMINAL LOCAL RULE 57.10, PORTIONS OF ALL
CHANGE OF PLEA AND SENTENCING TRANSCRIPTS ARE RESTRICTED**)

BEFORE THE HONORABLE VERONICA L. DUFFY,
UNITED STATES MAGISTRATE JUDGE

* * * * * * * * * *

<u>APPEARANCES</u>:

Counsel for Plaintiff:   MR. MARK A. HODGES
                         Assistant United States Attorney
                         Post Office Box 2638
                         Sioux Falls, South Dakota 57101

Counsel for Defendant:   MS. TIERNEY C. SCOBLIC
                         Fuller, Williamson, Nelsen &
                         Preheim, LLP
                         7521 South Louise Avenue
                         Sioux Falls, South Dakota 57108

Also Present:            Amber Louise Justus - Defendant

Transcriber:             Connie J. Heckenlaible, RPR, FCRR
                         Official Court Reporter
                         225 S. Pierre Street, #217
                         Post Office Box 7147
                         Pierre, South Dakota 57501

**May 21, 2024**

(In open court at 1:31 p.m.)

(The following was transcribed from the District Court's FTR recording system.  Use of the word "indiscernible" indicates something can be heard but cannot be understood.  Use of "audio gap" indicates audio cut out.)

THE COURT:  We're here this afternoon in the matter of United States of America versus Amber Louise Justus.  This is Criminal Case 23-40024.

Will counsel please note their appearance for the record.

MR. HODGES:  Mark Hodges for the United States.

MS. SCOBLIC:  Tierney Scoblic for the Defendant, Amber Justus.

THE COURT:  And good afternoon to you, ma'am.  You're Amber Louise Justus?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  And Amber, this was the date and time that we set for you to come to court to enter a plea of guilty pursuant to the Plea Agreement you signed.  Is that what you thought was going to happen when you came to court today?

THE DEFENDANT:  Yes.

THE COURT:  Do you have any questions for me before we get started?

THE DEFENDANT:  No, ma'am.

THE COURT: Okay. During today's hearing, I'm required to ask you a number of questions. And it is necessary for you to give your answers under oath. So if you would, would you please stand and raise your right hand to be sworn in.

(The Defendant is sworn in by the Clerk.)

THE COURT: Thank you. You can be seated.

Ms. Justus, do you understand that you're now under oath?

THE DEFENDANT: Yes, I do.

THE COURT: What that means is that it's really important that you answer any questions honestly. If you were to give any false answers to my questions, the Government could bring additional charges against you for either perjury or for making a false statement. Understood?

THE DEFENDANT: Yes.

THE COURT: Okay. Would you please state your full name for the record.

THE DEFENDANT: Amber Louise Justus.

THE COURT: And what is your age today?

THE DEFENDANT: Forty-one.

THE COURT: And how far did you go in school?

THE DEFENDANT: I got my GED.

THE COURT: I take it you can read, write, and understand English then?

THE DEFENDANT: Yes.

THE COURT: And I apologize for the personal nature of the next two questions. I'm not trying to embarrass you or put you on the spot, but these are questions I'm required to ask.

Have you been treated recently for any mental illness or addiction to alcohol or drugs?

THE DEFENDANT: No.

THE COURT: And have you taken any drugs, prescription or otherwise, or any alcohol within the last 24 hours?

THE DEFENDANT: Just prescription medication.

THE COURT: Do you want to tell me what it is.

THE DEFENDANT: Buspar and Trazodone.

THE COURT: Okay. Can you tell me what they treat.

THE DEFENDANT: It's for anxiety.

THE COURT: Okay. And did you take your regular dose within the last 24 hours of both of those medications?

THE DEFENDANT: Yes.

THE COURT: Is there anything about either one of those medications that interferes with your ability to know what reality is?

THE DEFENDANT: No.

THE COURT: Is there anything about either one of those medications that impacts your ability to make reasoned choices based on information that's presented to you?

THE DEFENDANT: No.

THE COURT: Do you have any concerns at all about going

forward with the hearing knowing that you have those drugs in your system?

THE DEFENDANT: No.

THE COURT: And Tierney, do you have any concerns about going forward knowing that your client has those drugs in her system?

MS. SCOBLIC: No, Your Honor.

THE COURT: Okay. And Amber, are you fully satisfied with your lawyer and the advice and representation she's given you in your case?

THE DEFENDANT: Yes.

THE COURT: I have in front of me a consent and waiver form with today's date on it. Is that your signature at the bottom, Amber?

THE DEFENDANT: Yes.

THE COURT: I just want to explain to you why we have you sign this document.

If you do plead guilty today, I am not the judge who will sentence you. I don't have the power to sentence in a felony case. Instead, your sentencing will be handled by Judge Schreier. She's a District Judge. That's a judge at a higher level than I am.

You do have a right to have both your change of plea hearing and your sentencing take place before Judge Schreier. The reason why you're appearing before me is that our District

Judges are extremely busy right now. Up until just a couple days ago, we were short a judge out in Rapid City so this is one thing that I can do to help them with their case load.

But I want to make clear to you you don't have to agree to appear before me. If you would like to have Judge Schreier take your plea, we'll make that arrangement.

Do I have your permission to proceed today?

THE DEFENDANT: Yes.

THE COURT: Okay. And Mark, the consent and waiver form that Ms. Justus signed includes a waiver of the 14-day appeal period that would otherwise apply to my report and recommendation. Would the Government also agree to waive that appeal period?

MR. HODGES: Yes, Your Honor.

THE COURT: Okay. Amber, it's been over a year since you first appeared before me on the Indictment in your case. I'd like to refresh your memory about what that Indictment charges you with and what the maximum penalties are.

Do you have a copy of the Indictment you can take a look at?

THE DEFENDANT: Yes.

THE COURT: Okay. At this time then I'm going to ask the Government attorney, Mr. Hodges, to read that document out loud to you. If you'd like to follow along on your copy, you're welcome to do that. When Mark is done reading, he'll

tell you what the maximum penalties are.

MR. HODGES: "The Grand Jury charges:

Beginning on an unknown date and continuing until on or about the date of this Indictment, in the District of South Dakota and elsewhere, Defendants, Katrina Marie Green, Frank Cortez Baker, Tara Dionne Clayton, Amber Louise Justus, and Janet Denise Mallett, did knowingly and intentionally combine, conspire, confederate, and agree together, with others known and unknown to the Grand Jury, to knowingly and intentionally distribute 500 grams or more of a mixture or substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846."

On that charge, you face a minimum term of at least 10 years in prison with a maximum term of up to life in prison; a $10 million fine can be imposed, or both a fine and term of imprisonment can be imposed.

Following the term of imprisonment, there will be a term of supervised release. On that count, you face a minimum term of at least 5 years of supervised release with a maximum term of up to life. If you were to violate the terms of that supervised release, you would face up to an additional 5 years in prison on such a revocation.

There would be a $100 assessment to the victims assistance fund, and restitution could possibly be ordered.

THE COURT: Thank you.

Tierney, do you agree that that's an accurate statement of the maximum penalties?

MS. SCOBLIC: Yes, Your Honor.

THE COURT: And did you convey to your client all plea offers that the Government tendered to you?

MS. SCOBLIC: Yes, Your Honor.

THE COURT: Amber, do you have any questions about what the Indictment charges you with or what the maximum penalty is?

THE DEFENDANT: No.

THE COURT: Okay. Well, before we get to the part of the hearing where I ask you if you want to plead guilty, there are a number of really important rights that you have right now as you're sitting there and the moment you plead guilty, you'll be giving many of those rights up. So before we get to the part of the hearing where I ask you if you want to plead guilty, I want to first talk to you about those rights. That way, if do you choose to plead guilty at the end of our hearing, you'll know exactly what it is you're giving up by doing so.

First of all, you have the right to have a lawyer help you at every stage of your case and if you cannot afford to hire a lawyer, you have a right to ask the Court to appoint counsel for you at the Court's expense.

Previously, I appointed Ms. Scoblic to represent you in this matter and nothing about that's going to change whether

you decide you want to plead guilty today or whether you decide you don't want to plead guilty. Tierney will continue to assist you with your case until it's fully resolved regardless of how you choose to resolve the charges. So your right to counsel is not one of the rights you will give up if you plead guilty today.

Any questions about that?

THE DEFENDANT: No.

THE COURT: Okay. Another right that you enjoy right now as you're sitting there that you will give up if you plead guilty is the right to remain silent. As it stands right now, the Government alone has the burden of proving this charge against you and they have to prove it beyond a reasonable doubt. You don't have to prove anything, nor do you have to come forward with evidence. Instead, the law presumes that you are innocent unless and until the Government proves its case.

Because you don't have to bring forward evidence, you don't have to speak to Government agents about this matter if you don't want to. If you've already given a statement to a Government agent at some time before today's hearing, I want you to know that you do not have to continue speaking to the Government. You can assert your right to remain silent right now and say nothing more from this point forward. Likewise, if you choose to begin speaking to a Government agent in the future, you can always change your mind and reassert the right

to remain silent.

Finally, I do want you to know that if you make a statement to a Government agent of your own free will, the Government can then use that statement as evidence against you in the courtroom to try to prove its case.

When you very first appeared before me last year, I entered a plea of not guilty on your behalf to this Indictment. You have a right to persist in that not guilty plea and to go forward and ask for a trial.

If you did decide to go to trial instead of pleading guilty, you could choose between having a court trial, which is a trial before a judge only, or you could choose to have a jury trial.

If you elected to have a jury trial, then we would find 12 members of the public who came from all walks of life to come to court and act as your jury. The jury would listen to the evidence from all parties and at the conclusion of the trial, the jury would decide if you were guilty or not guilty of this charge. Before the jury could convict you of this offense, each and every member of the jury would first have to agree that you were guilty.

Regardless of whether you chose to have a court trial or a jury trial, if you did decide to go to trial, then you would have a right to be present in person; you'd have a right to have your lawyer there with you to help you; you'd have a

right to see and to hear all of the evidence that the Government introduced against you; you would also have a right to see each person who came to the trial to testify and through your lawyer, you could ask questions of each one of those witnesses if you wanted to so that you could find out why they testified the way they did.

At your trial, you would not be required to put on evidence if you didn't want to, but you would have a right to present evidence if you did wish to.  If there were witnesses you wanted to call on your behalf at trial, you would have the right to use the Court's subpoena power to make sure that your witnesses showed up at court.

Finally, you would have a right to testify on your own behalf at that trial if you wanted to.  But if you did not wish to testify, then you would not have to and no one could force you to testify against your will.  That's because the right to remain silent that I told you about a few moments ago, that right stays with you until the end of your case or until you choose to plead guilty.

Amber, if you did go to trial, the Government would have to prove each essential element of the crime of conspiracy to distribute a controlled substance.  The Government would be required to prove each one of these elements beyond a reasonable doubt.

Here's what the Government would have to prove if you

went to trial:

First, they'd have to show that beginning on an unknown date and continuing through on or about March 7th of 2023, you and at least one other person reached an agreement or came to an understanding to distribute a mixture and substance containing methamphetamine, a Schedule II controlled substance.

Secondly, the Government would have to show that the conspiracy actually did then distribute methamphetamine. And here the Government alleges it was reasonably foreseeable that 500 grams or more of a mixture and substance containing methamphetamine would be distributed in the course of the conspiracy.

Third, the Government would have to show that you intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while the agreement was still in effect.

And fourth, the Government would have to show that when you joined the agreement or understanding, you knew what the purpose of the agreement or understanding was.

Mark, is there anything you'd change about that statement of the essential elements?

MR. HODGES: No, Your Honor.

THE COURT: Tierney?

MS. SCOBLIC: No, Your Honor.

THE COURT: Ms. Justus, do you have any questions for

me about anything at all that we've talked about so far?

THE DEFENDANT: No.

THE COURT: Okay. The next thing I'd like to do then is talk to you about your written Plea Agreement. Do you have a copy of that you can look at?

THE DEFENDANT: Yes.

THE COURT: Would you please turn to the last page of that Plea Agreement, which is page 9, and tell me if that's your signature?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did you read this document before you signed it?

THE DEFENDANT: Yes, I did.

THE COURT: Did you have an opportunity to discuss it with Ms. Scoblic?

THE DEFENDANT: Yes.

THE COURT: Did she answer all your questions to your satisfaction?

THE DEFENDANT: Yes, she did.

THE COURT: Do you have any questions you want to ask me today about the terms of your Plea Agreement?

THE DEFENDANT: No.

THE COURT: Do you feel you understand this agreement?

THE DEFENDANT: Yes.

THE COURT: Did anyone make any side promises to get

you to sign this agreement other than the promises that are contained in writing within the Plea Agreement or the Plea Agreement Supplement?

THE DEFENDANT: No.

THE COURT: Did anyone threaten you or coerce you or otherwise try to force you to plead guilty?

THE DEFENDANT: No.

THE COURT: Are you pleading guilty of your own free will because you believe you are guilty?

THE DEFENDANT: Yes.

THE COURT: There's a few aspects of your Plea Agreement I wanted to talk to you about in particular, Amber.

First of all, I'm looking at paragraph P, as in piano, which is on page 8. If you plead guilty today, pursuant to this agreement, you are giving up your right to appeal all issues in your case except three.

If you believe that this Court did not have jurisdiction to handle your case, you may appeal that issue. At your sentencing hearing, if Judge Schreier departs upward or varies upward, then you can appeal that issue. Finally, if you believe that your lawyer gave you constitutionally ineffective assistance of counsel, you will be allowed to raise that issue at a later date.

But except for those three issues, you are giving up your right to appeal all other issues in your case. Do you

understand that?

THE DEFENDANT: Yes.

THE COURT: So just a few moments ago I went over with you the essential elements the Government would have to prove if you went to trial. If you believe that the Government would be unable to prove those elements, you are giving up your right to appeal that issue. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Also, if you believe that the Government obtained evidence against you in violation of your constitutional rights, you're giving up your right to appeal that issue too. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: At your sentencing hearing, Ms. Justus, both you and the Government will have a right to address Judge Schreier and to tell her whatever sentence you think is appropriate in your case. Those sentencing recommendations that are made by the parties are not binding on Judge Schreier so she will be free to sentence you however she thinks is appropriate under the facts and the law as long as she does not give you a sentence of less than 10 years in prison or more than life in prison and a $10 million fine.

Do you understand that the parties' recommendations at sentencing will not be binding on the Judge?

THE DEFENDANT: Yes.

THE COURT: And if Judge Schreier does not adopt the parties' recommendations for sentencing, you won't be allowed to withdraw your plea of guilty because of that. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Okay. In the federal system, we do not have parole so you will be required to serve at least a 10-year sentence in prison. You can expect to serve virtually all of those 10 years because we don't have parole that releases people early.

There are some minor exceptions to that rule. Any time that you're spending in federal custody prior to sentencing will almost certainly be credited against your sentence. In addition, once you're in prison, if you follow the rules, there are some good conduct time credits that you can earn that can help reduce your sentence. And there's also some programming that you may be able to participate in to help reduce your sentence.

But in general, in federal court, if you get a 10-year sentence, you can expect to serve almost all 10 years of that. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Okay. Although we don't have parole in federal court, we have something similar called supervised release, and that's a period of time that occurs after you're

done serving your prison sentence. Usually you are out in the community and you have your liberty, but Judge Schreier will establish some rules that you have to follow while you're on supervised release. If you don't follow those rules, it is possible to have your supervised release status revoked. If that happens, you might have to serve additional periods of time in jail. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Okay. Have you visited with Tierney about the U.S. Sentencing Guidelines and how they might apply in your case?

THE DEFENDANT: Yes.

THE COURT: And did she give you an estimate of what your sentencing range may end up being at sentencing?

THE DEFENDANT: Yes.

THE COURT: There's two things that I want to tell you about the guidelines today, Amber. First of all, they are not binding on Judge Schreier. So she is required to calculate your sentence accurately under the guidelines and then to take that into consideration. But she doesn't have to follow the guidelines. She can give you a sentence that's higher than the guideline range or lower.

Do you understand that the guidelines will not be binding on the Judge at sentencing?

THE DEFENDANT: Yes.

THE COURT: The other thing I wanted you to know about the guidelines, I know Tierney does a good job of projecting for her clients what she thinks the guideline range may be, however, nobody sitting in the courtroom today can tell you exactly what your guideline range is going to be and I'll explain why that is.

If you do plead guilty today, then after today, a big report gets written called a presentence investigation report or PSR. Sometimes when that PSR is being investigated and written, new facts come to light that the lawyers didn't know about before and that can have an impact on your guidelines calculation.

Also, once the PSR is written, both you and the Government will get a copy of that document and you both have the right to file objections to any part of the report you disagree with. As we sit here today, I can't predict for you what types of objections the parties might raise, nor can I tell you how Judge Schreier would resolve those objections. Because of all of those things, your guidelines calculation might turn out to be different than what you and Tierney have talked about. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: If your guideline range does turn out to be different than you're anticipating, you won't be allowed to withdraw your plea of guilty because of that. Do you

understand that?

THE DEFENDANT: Yes.

THE COURT: Okay. The crime that you're thinking about pleading guilty to, Ms. Justus, is classified as a felony. When you plead guilty to a felony, there are some valuable civil rights that you may lose as a consequence of your plea. The loss of those civil rights is something that happens separate and apart from whatever sentence Judge Schreier gives you.

So some examples of some civil rights you might lose are the right to vote, the right to serve on a jury, the right to hold public office. You definitely will lose the right to use or possess guns or ammunition. In addition, you might become ineligible to receive federal benefits for a period of five years following your plea. Do you understand that those are some civil rights that you may lose if you plead guilty?

THE DEFENDANT: Yes.

THE COURT: Amber, any questions for me about your Plea Agreement or anything else that we've talked about up until now?

THE DEFENDANT: No.

THE COURT: All right. The next document I'd like to turn our attention to then is the Factual Basis Statement. Do you have a copy of that?

THE DEFENDANT: I do.

THE COURT: And is that your signature on page 3 of the statement?

THE DEFENDANT: Yes, that is.

THE COURT: Did you read this document before you signed it?

THE DEFENDANT: Yes, I did.

THE COURT: Do you agree that it sets forth the truth about what happened in your case?

THE DEFENDANT: Yes.

THE COURT: We are now at the part of the hearing where I will ask you to make a decision about whether you wish to plead guilty or not. If you do plead guilty, you'll be admitting that you committed the crime charged in the Indictment and there will not be a trial. The only thing left to be done in your case will be to sentence you.

If you plead guilty, you'll be giving up the presumption of innocence that you enjoy right now as you're sitting there. If Judge Schreier accepts your plea, you will be adjudged guilty of the crime and that will become a conviction on your criminal record just the same as if you had been found guilty by a unanimous jury at the end of a full trial.

If you plead guilty, there will not be a trial of any kind and you'll be giving up all the rights that go along with the trial so you will not be forcing the Government to show you

their evidence in open court, you will not get to confront and cross-examine the witnesses who otherwise would have testified at your trial, you will not be forcing the Government to prove each essential element of the crime beyond a reasonable doubt, and you'll also be giving up the right to remain silent.

Do you understand that if you plead guilty, you'll be giving up all of those rights, Amber?

THE DEFENDANT: Yes.

THE COURT: And knowing that you will be giving up those rights if you plead guilty, do you still want to plead guilty?

THE DEFENDANT: Yes.

THE COURT: Okay. I'll ask to you stand.

Amber Louise Justus, to the Indictment that's been handed down against you charging you with conspiracy to distribute a controlled substance, how do you plead?

THE DEFENDANT: Guilty.

THE COURT: Thank you. You can be seated.

It's the finding of the Court in the case of United States of America versus Amber Louise Justus that Ms. Justus is fully competent and capable of entering an informed plea, that she is aware of the nature of the charge and the consequences of her plea, and that her plea of guilty is a knowing and voluntary plea, supported by an independent basis in fact that contains each of the essential elements of the offense.

I will therefore recommend to Judge Schreier that she accept your plea. If she does accept your plea, she'll issue an order that will tell you about some important deadlines that are coming up in your case.

The first deadline will be the date by which that PSR that I talked to you about has to be completed and turned over to you and Tierney. Once you receive that report, the two of you can sit down and go over it together. As I said earlier, you have a right to file objections to any part of the PSR you disagree with and Judge Schreier will tell you the deadline by which those objections have to be on file with the Court.

The last date that Judge Schreier will give you notice of is the date and time for your sentencing hearing. That's when you will return to court and appear before her to receive your sentence.

If you have friends or family members that you'd like to have write letters of support for you for Judge Schreier to read prior to sentencing, or if you have anyone you'd like to have come to your sentencing hearing and testify in person, be sure to tell Ms. Scoblic who those folks are so that she can reach out to them and make arrangements for them to either write letters or to appear at the hearing at the right time, okay?

THE DEFENDANT: Okay.

THE COURT: Do you have any questions for me about

anything at all before we end the hearing?

THE DEFENDANT:  No.

THE COURT:  Tierney, is there anything you'd like to place on the record?

MS. SCOBLIC:  No, Your Honor.  Thank you.

THE COURT:  Yep.

Mark?

MR. HODGES:  No, Your Honor.

THE COURT:  Thank you then.  We'll be adjourned.

(Conclusion of Hearing at 1:56 p.m.)

UNITED STATES DISTRICT COURT)
DISTRICT OF SOUTH DAKOTA ) SS CERTIFICATE OF REPORTER
CENTRAL DIVISION )

I, Connie Heckenlaible, Official United States District Court Reporter, Registered Professional Reporter, Federal Certified Realtime Reporter, and Notary Public in and for the State of South Dakota, do hereby certify that the above and foregoing transcript has been transcribed to the best of my ability from the District Court's FTR recording system consisting of pages 1 through 23.

I further certify that I am not a relative or employee or attorney or counsel of any of the parties hereto, nor a relative or employee of such attorney or counsel; nor do I have any interest in the outcome or events of the action.

IN TESTIMONY WHEREOF, I have hereto set my hand this 15th day of August, 2024, at Pierre, South Dakota.

/s/Connie Heckenlaible
Connie Heckenlaible, RPR, FCRR
Official Court Reporter
225 S. Pierre Street, #217
Post Office Box 7147
Pierre, South Dakota 57501
(605) 945-4627
Connie_Heckenlaible@sdd.uscourts.gov

# 1

**$**

**$10** [2] - 7:15; 15:22
**$100** [1] - 7:23

**1**

**10** [4] - 7:14; 15:21; 16:9, 20
**10-year** [2] - 16:7, 19
**12** [1] - 10:15
**14-day** [1] - 6:10
**1:31** [1] - 2:2
**1:56** [1] - 23:10

**2**

**2023** [1] - 12:3
**2024** [1] - 2:1
**21** [2] - 2:1; 7:12
**23-40024** [1] - 2:9
**24** [2] - 4:8, 15

**3**

**3** [1] - 20:1

**5**

**5** [2] - 7:19, 21
**500** [2] - 7:10; 12:10

**7**

**7th** [1] - 12:3

**8**

**8** [1] - 14:14
**841(a)(1** [1] - 7:12
**846** [1] - 7:12

**9**

**9** [1] - 13:8

**A**

**ability** [2] - 4:18, 22
**accept** [2] - 22:2
**accepts** [1] - 20:18
**accurate** [1] - 8:1
**accurately** [1] - 17:19
**act** [1] - 10:16

**addiction** [1] - 4:5
**addition** [2] - 16:14; 19:13
**additional** [3] - 3:13; 7:21; 17:6
**address** [1] - 15:15
**adjourned** [1] - 23:9
**adjudged** [1] - 20:19
**admitting** [1] - 20:13
**adopt** [1] - 16:1
**advice** [1] - 5:9
**afford** [1] - 8:21
**afternoon** [2] - 2:7, 15
**age** [1] - 3:19
**agent** [3] - 9:20, 24; 10:3
**agents** [1] - 9:18
**agree** [6] - 6:4, 12; 7:8; 8:1; 10:21; 20:7
**Agreement** [8] - 2:20; 13:4, 8, 21; 14:2, 12; 19:19
**agreement** [8] - 12:4, 14, 16, 18-19; 13:23; 14:1, 15
**alcohol** [2] - 4:5, 8
**alleges** [1] - 12:9
**allowed** [3] - 14:22; 16:2; 18:24
**alone** [1] - 9:12
**Amber** [17] - 2:8, 13, 16, 18; 3:18; 5:8, 14; 6:15; 7:6; 8:7; 11:20; 14:12; 17:17; 19:18; 21:7, 14, 20
**America** [2] - 2:8; 21:20
**ammunition** [1] - 19:13
**answer** [2] - 3:11; 13:17
**answers** [2] - 3:3, 12
**anticipating** [1] - 18:24
**anxiety** [1] - 4:13
**apart** [1] - 19:8
**apologize** [1] - 4:1
**appeal** [8] - 6:11, 13; 14:15, 18, 20, 25; 15:7, 11
**appearance** [1] - 2:10
**appeared** [2] - 6:16; 10:6
**appearing** [1] - 5:25
**apply** [2] - 6:11; 17:10
**appoint** [1] - 8:22
**appointed** [1] - 8:24
**appropriate** [2] - 15:17, 20
**arrangement** [1] - 6:6

**arrangements** [1] - 22:21
**aspects** [1] - 14:11
**assert** [1] - 9:22
**assessment** [1] - 7:23
**assist** [1] - 9:3
**assistance** [2] - 7:24; 14:22
**attention** [1] - 19:23
**attorney** [1] - 6:23
**audio** [2] - 2:6
**aware** [1] - 21:22

**B**

**Baker** [1] - 7:6
**based** [1] - 4:23
**Basis** [1] - 19:23
**basis** [1] - 21:24
**become** [2] - 19:14; 20:19
**begin** [1] - 9:24
**beginning** [2] - 7:3; 12:2
**behalf** [3] - 10:7; 11:10, 14
**benefits** [1] - 19:14
**beyond** [3] - 9:13; 11:23; 21:4
**big** [1] - 18:7
**binding** [4] - 15:18, 24; 17:18, 24
**bottom** [1] - 5:14
**bring** [2] - 3:13; 9:17
**burden** [1] - 9:12
**Buspar** [1] - 4:11
**busy** [1] - 6:1

**C**

**calculate** [1] - 17:18
**calculation** [2] - 18:12, 19
**cannot** [2] - 2:5; 8:21
**capable** [1] - 21:21
**case** [18] - 5:10, 20; 6:3, 16; 8:21; 9:3, 16; 10:5; 11:18; 14:16, 18, 25; 15:17; 17:11; 20:8, 15; 21:19; 22:4
**Case** [1] - 2:9
**certainly** [1] - 16:13
**change** [4] - 5:23; 8:25; 9:25; 12:20
**charge** [4] - 7:13; 9:12; 10:19; 21:22
**charged** [1] - 20:13

**charges** [5] - 3:13; 6:18; 7:2; 8:8; 9:4
**charging** [1] - 21:15
**choices** [1] - 4:22
**choose** [6] - 8:17; 9:4, 24; 10:11; 11:19
**chose** [1] - 10:22
**City** [1] - 6:2
**civil** [4] - 19:6, 10, 16
**classified** [1] - 19:4
**Clayton** [1] - 7:6
**clear** [1] - 6:4
**Clerk** [1] - 3:5
**client** [2] - 5:5; 8:4
**clients** [1] - 18:3
**coerce** [1] - 14:5
**combine** [1] - 7:7
**coming** [1] - 22:4
**committed** [1] - 20:13
**community** [1] - 17:2
**competent** [1] - 21:21
**completed** [1] - 22:6
**concerns** [2] - 4:25; 5:4
**Conclusion** [1] - 23:10
**conclusion** [1] - 10:17
**conduct** [1] - 16:15
**confederate** [1] - 7:8
**confront** [1] - 21:1
**consent** [2] - 5:12; 6:9
**consequence** [1] - 19:6
**consequences** [1] - 21:22
**consideration** [1] - 17:20
**conspiracy** [4] - 11:21; 12:8, 12; 21:15
**conspire** [1] - 7:8
**constitutional** [1] - 15:11
**constitutionally** [1] - 14:21
**contained** [1] - 14:2
**containing** [3] - 7:11; 12:6, 10
**contains** [1] - 21:25
**continue** [2] - 9:2, 21
**continuing** [2] - 7:3; 12:3
**controlled** [4] - 7:11; 11:22; 12:6; 21:16
**convey** [1] - 8:4
**convict** [1] - 10:19
**conviction** [1] - 20:20
**copy** [5] - 6:19, 24; 13:5; 18:14; 19:24

**Cortez** [1] - 7:6
**counsel** [4] - 2:10; 8:23; 9:5; 14:22
**count** [1] - 7:18
**couple** [1] - 6:1
**course** [1] - 12:11
**Court's** [3] - 2:4; 8:23; 11:11
**courtroom** [2] - 10:5; 18:4
**credited** [1] - 16:13
**credits** [1] - 16:15
**crime** [5] - 11:21; 19:3; 20:13, 19; 21:4
**criminal** [1] - 20:20
**Criminal** [1] - 2:9
**cross** [1] - 21:2
**cross-examine** [1] - 21:2
**custody** [1] - 16:12
**cut** [1] - 2:6

**D**

**Dakota** [1] - 7:5
**date** [9] - 2:18; 5:13; 7:3; 12:3; 14:23; 22:5, 12
**days** [1] - 6:2
**deadline** [2] - 22:5, 10
**deadlines** [1] - 22:3
**decide** [5] - 9:1; 10:10, 18, 23
**decision** [1] - 20:11
**Defendant** [2] - 2:13; 3:5
**DEFENDANT** [57] - 2:17, 22, 25; 3:9, 15, 18, 20, 22, 25; 4:6, 9, 11, 13, 16, 20, 24; 5:3, 11, 15; 6:8, 21; 8:9; 9:8; 13:2, 6, 10, 13, 16, 19, 22, 24; 14:4, 7, 10; 15:2, 8, 13, 25; 16:5, 22; 17:8, 12, 15, 25; 18:22; 19:2, 17, 21, 25; 20:3, 6, 9; 21:8, 12, 17; 22:24; 23:2
**Defendants** [1] - 7:5
**definitely** [1] - 19:12
**Denise** [1] - 7:7
**departs** [1] - 14:19
**different** [2] - 18:20, 24
**Dionne** [1] - 7:6
**disagree** [2] - 18:16; 22:10
**discuss** [1] - 13:14

**distribute** [5] - 7:10; 11:22; 12:5, 8; 21:16
**distributed** [1] - 12:11
**District** [4] - 2:3; 5:21, 25; 7:4
**document** [6] - 5:17; 6:23; 13:11; 18:14; 19:22; 20:4
**dose** [1] - 4:14
**doubt** [3] - 9:14; 11:24; 21:4
**drugs** [4] - 4:5, 7; 5:1, 5
**during** [1] - 3:1

### E

**early** [1] - 16:10
**earn** [1] - 16:15
**effect** [1] - 12:16
**elected** [1] - 10:14
**element** [2] - 11:21; 21:4
**elements** [5] - 11:23; 12:21; 15:4, 6; 21:25
**elsewhere** [1] - 7:5
**embarrass** [1] - 4:2
**English** [1] - 3:24
**enjoy** [2] - 9:9; 20:17
**enter** [1] - 2:19
**entered** [1] - 10:7
**entering** [1] - 21:21
**essential** [5] - 11:21; 12:21; 15:4; 21:4, 25
**establish** [1] - 17:3
**estimate** [1] - 17:13
**evidence** [9] - 9:15, 17; 10:4, 17; 11:1, 8-9; 15:10; 21:1
**exactly** [2] - 8:18; 18:5
**examine** [1] - 21:2
**examples** [1] - 19:10
**except** [2] - 14:16, 24
**exceptions** [1] - 16:11
**expect** [2] - 16:8, 20
**expense** [1] - 8:23
**explain** [2] - 5:16; 18:6
**extremely** [1] - 6:1

### F

**face** [3] - 7:13, 18, 21
**facts** [2] - 15:20; 18:10
**Factual** [1] - 19:23
**false** [2] - 3:12, 14
**family** [1] - 22:16
**federal** [5] - 16:6, 12, 19, 24; 19:14

**felony** [3] - 5:20; 19:4
**few** [3] - 11:17; 14:11; 15:3
**file** [3] - 18:15; 22:9, 11
**finally** [3] - 10:2; 11:13; 14:20
**fine** [3] - 7:15; 15:22
**first** [10] - 6:16; 8:16, 20; 10:6, 20; 12:2, 15; 14:13; 17:17; 22:5
**five** [1] - 19:15
**folks** [1] - 22:20
**follow** [5] - 6:24; 16:14; 17:3, 20
**following** [2] - 2:3; 19:15
**Following** [1] - 7:17
**force** [2] - 11:15; 14:6
**forcing** [2] - 20:25; 21:3
**foreseeable** [1] - 12:9
**form** [2] - 5:13; 6:10
**forth** [1] - 20:7
**forty** [1] - 3:20
**forty-one** [1] - 3:20
**forward** [6] - 5:1, 5; 9:15, 17, 23; 10:9
**fourth** [1] - 12:17
**Frank** [1] - 7:5
**free** [3] - 10:3; 14:8; 15:19
**friends** [1] - 22:16
**front** [1] - 5:12
**FTR** [1] - 2:4
**full** [2] - 3:16; 20:21
**fully** [3] - 5:8; 9:3; 21:21
**fund** [1] - 7:24
**future** [1] - 9:25

### G

**gap** [1] - 2:6
**GED** [1] - 3:22
**general** [1] - 16:19
**given** [2] - 5:9; 9:19
**Government** [27] - 3:12; 6:12, 23; 8:5; 9:12, 16, 18, 20, 22, 24; 10:3; 11:2, 20, 22, 25; 12:7, 9, 13, 17; 15:4, 9, 15; 18:14; 20:25; 21:3
**grams** [2] - 7:10; 12:10
**Grand** [2] - 7:2, 9
**Green** [1] - 7:5

**guideline** [4] - 17:22; 18:3, 5, 23
**Guidelines** [1] - 17:10
**guidelines** [7] - 17:17, 19, 21, 23; 18:2, 11, 19
**guilty** [38] - 2:19; 5:18; 8:11, 13, 16-17; 9:1, 6, 11; 10:7, 11, 18, 21; 11:19; 14:6, 8-9, 14; 16:3; 18:7, 25; 19:4, 16; 20:12, 16, 19, 21, 23; 21:6, 10-11, 17, 23
**guns** [1] - 19:13

### H

**hand** [1] - 3:4
**handed** [1] - 21:15
**handle** [1] - 14:18
**handled** [1] - 5:20
**help** [5] - 6:3; 8:20; 10:25; 16:16
**higher** [2] - 5:21; 17:21
**hire** [1] - 8:22
**HODGES** [5] - 2:12; 6:14; 7:2; 12:22; 23:8
**Hodges** [2] - 2:12; 6:23
**hold** [1] - 19:12
**honestly** [1] - 3:11
**hours** [2] - 4:8, 15

### I

**II** [2] - 7:11; 12:6
**illness** [1] - 4:4
**impact** [1] - 18:11
**impacts** [1] - 4:22
**important** [3] - 3:11; 8:12; 22:3
**imposed** [2] - 7:15
**imprisonment** [2] - 7:16
**includes** [1] - 6:10
**independent** [1] - 21:24
**indicates** [2] - 2:5
**Indictment** [8] - 6:16, 19; 7:4; 8:8; 10:7; 20:14; 21:14
**indiscernible** [1] - 2:4
**ineffective** [1] - 14:21
**ineligible** [1] - 19:14
**information** [1] - 4:23

**informed** [1] - 21:21
**innocence** [1] - 20:17
**innocent** [1] - 9:16
**instead** [3] - 5:20; 9:15; 10:10
**intentionally** [3] - 7:7, 9; 12:14
**interferes** [1] - 4:18
**introduced** [1] - 11:2
**investigated** [1] - 18:9
**investigation** [1] - 18:8
**issue** [6] - 14:18, 20, 22; 15:7, 12; 22:2
**issues** [3] - 14:16, 24

### J

**jail** [1] - 17:7
**Janet** [1] - 7:7
**job** [1] - 18:2
**joined** [2] - 12:14, 18
**judge** [4] - 5:18, 21; 6:2; 10:12
**Judge** [19] - 5:20, 24; 6:5; 14:19; 15:15, 18, 24; 16:1; 17:2, 18, 24; 18:18; 19:8; 20:18; 22:1, 10, 12, 17
**Judges** [1] - 6:1
**jurisdiction** [1] - 14:18
**Jury** [2] - 7:2, 9
**jury** [10] - 10:12, 14, 16, 18-20, 23; 19:11; 20:21
**Justus** [13] - 2:8, 14, 16; 3:7, 18; 6:10; 7:6; 12:25; 15:14; 19:4; 21:14, 20

### K

**Katrina** [1] - 7:5
**knowingly** [2] - 7:7, 9
**known** [1] - 7:8

### L

**last** [5] - 4:8, 15; 10:6; 13:7; 22:12
**law** [2] - 9:15; 15:20
**lawyer** [6] - 5:9; 8:20, 22; 10:25; 11:4; 14:21
**lawyers** [1] - 18:10
**letters** [2] - 22:17, 22
**level** [1] - 5:22

**liberty** [1] - 17:2
**life** [4] - 7:14, 20; 10:15; 15:22
**light** [1] - 18:10
**likewise** [1] - 9:23
**listen** [1] - 10:16
**load** [1] - 6:3
**lose** [4] - 19:6, 10, 12, 16
**loss** [1] - 19:7
**loud** [1] - 6:24
**Louise** [6] - 2:8, 16; 3:18; 7:6; 21:14, 20
**lower** [1] - 17:22

### M

**ma'am** [4] - 2:15, 17, 25; 13:10
**Mallett** [1] - 7:7
**March** [1] - 12:3
**Marie** [1] - 7:5
**matter** [3] - 2:7; 8:25; 9:18
**maximum** [6] - 6:18; 7:1, 14, 19; 8:2, 8
**means** [1] - 3:10
**medication** [1] - 4:9
**medications** [3] - 4:15, 18, 22
**member** [1] - 10:20
**members** [2] - 10:15; 22:16
**memory** [1] - 6:17
**mental** [1] - 4:4
**methamphetamine** [4] - 7:11; 12:6, 8, 11
**million** [2] - 7:15; 15:22
**mind** [1] - 9:25
**minimum** [2] - 7:13, 18
**minor** [1] - 16:11
**mixture** [3] - 7:10; 12:5, 10
**moments** [2] - 11:17; 15:3

### N

**nature** [2] - 4:1; 21:22
**necessary** [1] - 3:2
**new** [1] - 18:10
**nobody** [1] - 18:4
**note** [1] - 2:10
**notice** [1] - 22:12
**number** [2] - 3:2; 8:12

# O

**oath** [2] - 3:3, 8
**objections** [5] - 18:15, 17-18; 22:9, 11
**obtained** [1] - 15:10
**occurs** [1] - 16:25
**offense** [2] - 10:20; 21:25
**offers** [1] - 8:5
**office** [1] - 19:12
**open** [2] - 2:2; 21:1
**opportunity** [1] - 13:14
**order** [1] - 22:3
**ordered** [1] - 7:24
**otherwise** [4] - 4:8; 6:11; 14:6; 21:2
**own** [3] - 10:3; 11:13; 14:8

# P

**p.m** [2] - 2:2; 23:10
**page** [4] - 13:7; 14:14; 20:1
**paragraph** [1] - 14:13
**parole** [3] - 16:7, 9, 23
**participate** [1] - 16:17
**particular** [1] - 14:12
**parties** [3] - 10:17; 15:18; 18:17
**parties'** [2] - 15:23; 16:2
**penalties** [3] - 6:18; 7:1; 8:2
**penalty** [1] - 8:8
**period** [4] - 6:11, 13; 16:25; 19:14
**periods** [1] - 17:6
**perjury** [1] - 3:13
**permission** [1] - 6:7
**persist** [1] - 10:8
**personal** [1] - 4:1
**piano** [1] - 14:13
**plea** [17] - 2:19; 5:23; 6:6; 8:4; 10:7; 16:3; 18:25; 19:6, 15; 20:18; 21:21, 23-24; 22:2
**Plea** [8] - 2:20; 13:4, 8, 21; 14:2, 11; 19:18
**plead** [23] - 5:18; 8:11, 13, 15, 17; 9:1, 5, 10; 11:19; 14:6, 14; 18:7; 19:5, 16; 20:12, 16, 23; 21:6, 10, 16

**pleading** [3] - 10:10; 14:8; 19:4
**possess** [1] - 19:13
**possible** [1] - 17:5
**possibly** [1] - 7:24
**power** [2] - 5:19; 11:11
**predict** [1] - 18:16
**prescription** [2] - 4:7, 9
**present** [2] - 10:24; 11:9
**presented** [1] - 4:23
**presentence** [1] - 18:8
**presumes** [1] - 9:15
**presumption** [1] - 20:17
**previously** [1] - 8:24
**prison** [8] - 7:14, 22; 15:21; 16:8, 14; 17:1
**proceed** [1] - 6:7
**programming** [1] - 16:16
**projecting** [1] - 18:2
**promises** [2] - 13:25; 14:1
**prove** [9] - 9:13; 10:5; 11:21, 23, 25; 15:4, 6; 21:3
**proves** [1] - 9:16
**proving** [1] - 9:12
**PSR** [5] - 18:9, 13; 22:5, 9
**public** [2] - 10:15; 19:12
**purpose** [1] - 12:19
**pursuant** [2] - 2:20; 14:14

# R

**range** [5] - 17:14, 22; 18:3, 5, 23
**Rapid** [1] - 6:2
**reach** [1] - 22:21
**reached** [2] - 12:4, 15
**reality** [1] - 4:19
**reasonable** [3] - 9:13; 11:24; 21:4
**reasonably** [1] - 12:9
**reasoned** [1] - 4:22
**reassert** [1] - 9:25
**receive** [3] - 19:14; 22:7, 14
**recently** [1] - 4:4
**recommend** [1] - 22:1
**recommendation** [1] - 6:12
**recommendations** [3]

- 15:17, 23; 16:2
**recording** [1] - 2:4
**reduce** [2] - 16:16
**refresh** [1] - 6:17
**regardless** [2] - 9:3; 10:22
**regular** [1] - 4:14
**release** [6] - 7:18, 21; 16:25; 17:4
**releases** [1] - 16:9
**remain** [5] - 9:11, 22; 10:1; 11:17; 21:5
**report** [5] - 6:11; 18:8, 15; 22:7
**represent** [1] - 8:24
**representation** [1] - 5:9
**required** [6] - 3:1; 4:3; 11:7, 23; 16:7; 17:18
**resolve** [2] - 9:4; 18:18
**resolved** [1] - 9:3
**restitution** [1] - 7:24
**return** [1] - 22:14
**revocation** [1] - 7:22
**revoked** [1] - 17:5
**rights** [12] - 8:12, 14, 16; 9:5; 15:11; 19:6, 10, 16; 20:24; 21:7, 10
**rule** [1] - 16:11
**rules** [3] - 16:14; 17:3

# S

**satisfaction** [1] - 13:18
**satisfied** [1] - 5:8
**Schedule** [2] - 7:11; 12:6
**school** [1] - 3:21
**Schreier** [16] - 5:21, 24; 6:5; 14:19; 15:16, 18; 16:1; 17:2, 18; 18:18; 19:8; 20:18; 22:1, 10, 12, 17
**SCOBLIC** [6] - 2:13; 5:7; 8:3, 6; 12:24; 23:5
**Scoblic** [4] - 2:13; 8:24; 13:15; 22:20
**seated** [2] - 3:6; 21:18
**secondly** [1] - 12:7
**sentence** [16] - 5:19; 15:16, 19, 21; 16:8, 13, 16, 18, 20; 17:1, 19, 21; 19:8; 20:15; 22:15
**Sentencing** [1] - 17:10

**sentencing** [14] - 5:20, 24; 14:19; 15:14, 17, 24; 16:2, 12; 17:14, 24; 22:13, 18
**serve** [5] - 16:7, 20; 17:6; 19:11
**serving** [1] - 17:1
**set** [1] - 2:19
**sets** [1] - 20:7
**short** [1] - 6:2
**sign** [2] - 5:17; 14:1
**signature** [3] - 5:13; 13:9; 20:1
**signed** [4] - 2:20; 6:10; 13:12; 20:5
**silent** [5] - 9:11, 22; 10:1; 11:17; 21:5
**similar** [1] - 16:24
**sit** [2] - 18:16; 22:8
**sitting** [4] - 8:13; 9:10; 18:4; 20:18
**South** [1] - 7:4
**speaking** [2] - 9:21, 24
**spending** [1] - 16:12
**stage** [1] - 8:21
**stand** [2] - 3:4; 21:13
**stands** [1] - 9:11
**started** [1] - 2:24
**state** [1] - 3:16
**Statement** [1] - 19:23
**statement** [7] - 3:14; 8:1; 9:19; 10:3; 12:21; 20:2
**States** [3] - 2:8, 12; 21:20
**status** [1] - 17:5
**subpoena** [1] - 11:11
**substance** [7] - 7:10; 11:22; 12:5, 10; 21:16
**supervised** [6] - 7:18, 21; 16:24; 17:4
**Supplement** [1] - 14:3
**support** [1] - 22:17
**supported** [1] - 21:24
**sworn** [2] - 3:4
**system** [4] - 2:4; 5:2, 6; 16:6

# T

**Tara** [1] - 7:6
**tendered** [1] - 8:5
**term** [7] - 7:13-15, 17
**terms** [2] - 7:20; 13:21
**testified** [2] - 11:6; 21:2
**testify** [5] - 11:3, 13,

15-16; 22:19
**therefore** [1] - 22:1
**thinking** [1] - 19:3
**thinks** [2] - 15:19; 18:3
**third** [1] - 12:13
**threaten** [1] - 14:5
**three** [2] - 14:16, 24
**Tierney** [10] - 2:13; 5:4; 8:1; 9:2; 12:23; 17:9; 18:2, 20; 22:7; 23:3
**today** [13] - 2:21; 3:19; 5:18; 6:7; 9:1, 6; 13:21; 14:14; 17:17; 18:4, 7, 16
**today's** [3] - 3:1; 5:13; 9:20
**together** [2] - 7:8; 22:8
**transcribed** [1] - 2:3
**Trazodone** [1] - 4:11
**treat** [1] - 4:12
**treated** [1] - 4:4
**trial** [22] - 10:9-14, 18, 22-23; 11:3, 7, 10, 14, 20; 12:1; 15:5; 20:14, 22-23, 25; 21:3
**truth** [1] - 20:7
**turned** [1] - 22:6
**two** [3] - 4:2; 17:16; 22:7

# U

**U.S** [1] - 17:10
**U.S.C** [1] - 7:12
**unable** [1] - 15:6
**unanimous** [1] - 20:21
**understood** [2] - 2:5; 3:14
**United** [3] - 2:8, 12; 21:19
**unknown** [3] - 7:3, 9; 12:2
**unless** [1] - 9:16
**upward** [2] - 14:19

# V

**valuable** [1] - 19:5
**varies** [1] - 14:20
**versus** [2] - 2:8; 21:20
**victims** [1] - 7:23
**violate** [1] - 7:20
**violation** [2] - 7:12; 15:10
**virtually** [1] - 16:8

**visited** [1] - 17:9
**voluntary** [1] - 21:24
**vote** [1] - 19:11

## W

**waive** [1] - 6:12
**waiver** [3] - 5:12; 6:9
**walks** [1] - 10:15
**welcome** [1] - 6:25
**wish** [3] - 11:9, 14; 20:11
**withdraw** [2] - 16:3; 18:25
**witnesses** [4] - 11:5, 9, 12; 21:2
**word** [1] - 2:4

## §

**§§** [1] - 7:12